

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable F. A. Cerda
District Attorney
P. O. Box 340
Hebbronville, Texas    78361

Opinion No. JM-604

Re: Whether a political subdivision may designate a credit union as a depository of public funds

Dear Mr. Cerda:

You ask whether a general law city may designate a credit union as a depository for municipal funds. We conclude that it may not.

Your question arises because of a conflict between article 2461-4.01(a)(8), V.T.C.S., setting forth the powers of a credit union and articles 2559 et seq., V.T.C.S., governing a city's selection of a depository. Article 2559, V.T.C.S., provides the following in pertinent part:

> The governing body of every city, town and village in the State of Texas, incorporated under either the General or Special Laws, including those operating under special charter or amendments of charter adopted pursuant to the 'Home Rule' provisions of the Constitution, is authorized to receive applications for the custody of city funds ·from any banking corporation, association or individual banker that may desire to be selected as a depository of the city, town or village. (Emphasis added).

Article 2560, V.T.C.S., sets forth the following in pertinent part:

> Upon considering the applications submitted, the governing body shall select as the depository or depositories of such funds the banking corporations, association or individual banker or bankers offering the most favorable terms and conditions for the handling of such funds. (Emphasis added).

Article 2461-4.01, V.T.C.S., sets forth the general powers of a credit union. Subsection (a) specifically provides that

p. 2699

> [a] credit union may exercise all powers necessary
> or appropriate to accomplish the purposes for
> which it is organized and all powers granted
> corporations authorized to do business in this
> state. These powers include, but are not limited
> to, the power to:
>
> . . . .
>
> (8) <u>act as</u> agent or <u>depository of</u> the United
> States, any agent or instrumentality of the United
> States, this or any other state, or <u>any city,</u>
> <u>town, village,</u> county, school district, municipal
> corporation, political subdivision, or taxing
> authority of this or any other state, accept for
> deposit the funds of such an entity or both. . . .
> (Emphasis added).

V.T.C.S. art. 2461-4.01(a)(8).  It is clear that a credit union is
authorized to act as a depository of a city's public funds.  At issue
is whether a city may choose a credit union as a depository and
specifically whether a credit union is a "banking corporation,
association or individual banker" for purposes of article 2559 <u>et</u>
<u>seq.</u>, V.T.C.S.  On the basis of prior authority, we conclude that it
is not.  Article 2461-4.01, V.T.C.S., authorizes credit unions to
receive deposits from political subdivisions; it does not authorize
political subdivisions to make such deposits in credit unions.
See Attorney General Opinion H-723 (1975).

In Attorney General Opinion MW-534 (1982), this office concluded
that neither a credit union nor a savings and loan could serve as a
depository for a hospital district.  Citing prior opinions of this
office which hold that savings and loan associations were not embraced
by the phrase "banking corporation, association or individual banker"
for purposes of articles 2544 through 2558a, V.T.C.S., governing a
county's selection of a depository (made applicable to hospital
districts by article 4494n, §10, V.T.C.S.), the opinion extended the
same rationale to credit unions as well.  <u>See</u> Attorney General
Opinions MW-272 (1980) (reaches credit unions as well as savings and
loan associations); H-1013 (1977) (soil and water conservation
district not authorized to deposit funds in savings and loan
associations); H-723 (1975) (same with regard to political sub-
divisions); M-22 (1967) (concluding that "banking corporations,
associations or individual banker" does not include savings and loan
associations for purposes of the depository statutes).  <u>Cf.</u> Attorney
General Opinion JM-42 (1983) (PTA funds may be deposited in credit
union where statutes do not govern disposition of funds).  The opinion
relied in part upon the policy considerations set forth in an earlier
opinion of this office, Attorney General Opinion WW-838-A (1961),
which held inapplicable to credit unions an article of the banking

code which prohibits "branch banking." In that earlier opinion this office declared:

> [Although] credit unions exercise two of the most important functions of banking, the receiving of deposits and the lending of money, it must be recognized that credit unions or associations are not 'banks' as that term is defined in the Texas Banking Code of 1943 . . . [citation omitted] or as that term is commonly used or understood. Furthermore, the operations of a credit union in receiving deposits or lending money are substantially different from the corresponding operations of a commercial bank, and in fact, the functions and underlying concept of a credit union are basically different from those of a commercial bank.

The opinion then detailed other basic functions of banking that distinguish both banks from credit unions and banks from savings and loan associations. Cf. Attorney General Opinion WW-1498 (1962), withdrawn and replaced by Attorney General Opinion WW-1498-A (1963) (also indexed as Attorney General Opinion C-87 (1963)). Accordingly, we conclude that a city may not designate a credit union as a depository.

## S U M M A R Y

Article 2559, V.T.C.S., does not authorize a city to designate a credit union as a depository for city funds.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General